### DANIEL LORD *vs.* BENJAMIN WHEELER.

A workman, who had contracted to repair a house and outbuildings for a certain sum, had nearly completed the repairs on the house, and the owner had entered and occupied it, when the house and outbuildings were destroyed by fire. *Held*, that the workman was excused by the fire from the completion of his contract, and was entitled to recover for the repairs done on the house when the owner took possession, in an action for work done and materials furnished.

ACTION OF CONTRACT.   Writ dated October 20th 1851.   Trial in the court of common pleas, before *Bishop*, J. to whose instructions the defendants alleged exceptions.   The opinion exhibits the whole case.

*E. Blake*, for the defendant.

*B. Pond*, for the plaintiff.

THOMAS, J.   This is an action of contract; the plaintiff alleging that the defendant owes him for work done and materials furnished in repairing a house and outbuildings, known as Taft's Hotel, at Point Shirley.   The defendant's answer sets up a special contract in writing to do the entire work for a given sum, payable in two instalments; alleges the payment of that which had already become due, and denies his liability to pay the second, because the work was never completed; the buildings, before the repairs were finished, having been destroyed by fire.   The plaintiff's replication alleges that the repairs on the house were nearly done; and that, before the fire took place, the defendant, by his tenant, entered into the use and occupation of the house.   The report of the auditor finds such to be the fact.   The defendant contended that the destruction of the

buildings by fire did not constitute a sufficient excuse for the failure of the plaintiff to complete the remainder of the repairs; and that, if it did, the plaintiff could not recover for a partial performance, under this declaration. The presiding judge instructed the jury, that the fire was a sufficient excuse for the failure to complete the remainder of the repairs; and that for the part performed the plaintiff was entitled to recover under the present declaration.

We think the instructions, applied, as all instructions should be, to the facts in evidence, and the grounds assumed by the parties respectively, were correct. The plaintiff was excused by the fire from the further performance of his contract. The case may be clearly distinguished from the ordinary contract of one to erect a building upon the land of another, performing the labor and supplying the materials therefor, where, if, before the building is completed or accepted, it is destroyed by fire or other casualty, the loss must fall on the builder. He must rebuild. The thing may be done and he has contracted to do it. It is otherwise, where one person agrees to expend labor upon a specific subject, the property of another, as to shoe his horse or slate his dwelling-house. If the horse dies, or the dwelling-house is destroyed by fire, before the work is done, the performance of the contract becomes impossible, and with the principal perishes the incident.

It by no means follows that, if the work is partially done when the casualty occurs, a party having contracted to do the entire work for a specific sum, can recover for the partial performance. It may well be, that both must lose, the one his labor, and the other the thing on which it has been expended. And the precise ground on which the plaintiff can recover in this case is, that, when the repairs upon the house were substantially done, and before the fire, the defendant by his tenant entered into and occupied it, and so used and enjoyed the labor and materials of the plaintiff; and that such use and enjoyment were a severance of the contract, and an acceptance *pro tanto* by the defendant. And the instruction of the presiding judge, not as stating an abstract proposition of law, without reference

to the evidence, but as giving a practical rule for the guidance of the jury, upon the facts before them, was correct. For the partial performance, upon the facts of this case, the plaintiff might recover.

The defendant contends that the plaintiff cannot recover under this declaration, which is for work done and materials furnished; that he should have declared, on the contract, for the partial performance, and alleged his excuse for failing to perform the remainder. Though, under the Rev. Sts. *c.* 100, § 22, and the *Sts.* of 1851, *c.* 233, §§ 42, 43, and 1852, *c.* 312, §§ 32, 33, the objection would seem to be of no great practical moment; it is not free from technical difficulty. But we are of opinion that under the practice act, *St.* 1851, *c.* 233, § 2, there was a substantial statement of the facts necessary to constitute the cause of action.                    *Exceptions overruled.*